HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT HILL,<br><br>                    Plaintiff,<br><br>       v.<br><br>DONALD RAMSDELL, et al.,<br><br>                    Defendant. | CASE NO. 14-5889<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT<br><br>DKT. #31 |

THIS MATTER is before the Court on Defendants City of Tacoma, Ryan Mello, Donald Ramsdell, and Gary Lock's Motion for Summary Judgment [Dkt. #25]. Plaintiff Robert Hill attended a Tacoma City Council meeting on November 8, 2011. City Councilmember Mello noticed Hill was acting erratically and wearing what-appeared-to-be brass knuckles (but was a Safe-T wrench). Mello reported his observations and discomfort to Police Chief Ramsdell. Ramsdell ordered Officers Sugai and Granlund[1], who Officer Lock had assigned to attend the meeting, to pat down Hill. They asked Hill to step outside, which further agitated him. The officers noticed he was wearing an empty gun holster. During the frisk, Sugai felt a hard rectangular item with a short handle that he was unable to rule out as a non-weapon. Sugai

---

[1] Officers Sugai and Granlund are not defendants.

removed it (a Kimber Pepper Blaster II gun) and two other plastic brass knuckles-like objects from Hill's cargo pocket. The officers placed Hill under arrest for violating the municipal code that prohibits carrying weapons, TMC 8.66.080.A1.

Hill argues Mello, Ramsdell, and Officer Locke violated his fourth amendment rights by unreasonably searching and arresting him because he allegedly never displayed his Safe-T wrench to Mello. He argues Ramsdell and Locke violated his first amendment rights by arresting him before he had the opportunity to speak at the council meeting. Hill also alleges the City of Tacoma acted with deliberate indifference for his civil rights by neglecting to adequately train and to discipline its police officers.

Defendants argue they did not violate Hill's fourth amendment rights because they reasonably believed he was armed and dangerous. They also argue probable cause supported his arrest because they could have arrested him for violating RCW 9.41.270, which prohibits any person from carrying a weapon capable of harming another at a time and place that warrants alarm for others' safety. Defendants argue they did not violate Hill's first amendment rights because an intent to curtail his speech did not motivate them. Finally, they argue they have qualified immunity and Hill has not produced any evidence showing the City's training program was adopted with deliberate indifference.

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50, 106 S. Ct. 2505 (1986); *see also Bagdadi v. Nazar*,

1   84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is

2   sufficient evidence for a reasonable factfinder to find for the nonmoving party. *See Anderson*,

3   477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to

4   require submission to a jury or whether it is so one-sided that one party must prevail as a matter

5   of law." *Id*. at 251–52. The moving party bears the initial burden of showing no evidence exists

6   that supports an element essential to the nonmovant's claim. *See Celotex Corp. v. Catrett*, 477

7   U.S. 317, 322, 106 S. Ct. 2548 (1986). Once the movant has met this burden, the nonmoving

8   party then must show the existence of a genuine issue for trial. *See Anderson*, 477 U.S. at 250. If

9   the nonmoving party fails to establish the existence of a genuine issue of material fact, "the

10  moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323–24.

11       Hill's empty gun holster, agitated demeanor, and Safe-T wrench led Defendants to

12  reasonably believe he presented a risk to others. *See United States v. Alvarez*, 899 F.2d 833, 839

13  (9th Cir. 1990); *see also United States v. Rideau*, 969 F.2d 1572, 1574 (5th Cir. 1992). Their

14  reasonable frisk was not a violation of his fourth amendment rights. *See Terry v. Ohio*, 392 U.S.

15  1, 20, 88 S. Ct. 1868 (1968); *see also United States v. Robertson*, 833 F.2d 777, 780 (9th Cir.

16  1987). The totality of the circumstances, particularly Hill's weapons possession in violation of

17  RCW 9.41.270, provided the defendants with probable cause to arrest him. *See Devenpeck v.*

18  *Alford*, 543 U.S. 146, 152–56, 125 S. Ct. 588 (2004). The individual defendants did not violate

19  Hill's fourth amendment rights.

20       Hill has not presented any evidence, other than his own affidavit, that an intent to curtail

21  his speech substantially motivated defendants' decision to arrest him. *See Mendocino Envtl. Ctr.*

22  *v. Mendocino Cty.*, 192 F.3d 1283, 1300–01 (9th Cir. 1999); *see also Celotex*, 477 U.S. at 322–

23

24

1  23. It is not the law that an officer must wait to make an arrest until it is convenient for the arrestee. The individual defendants did not violate Hill's first amendment rights.

Hill did not address defendants' motion for summary judgment on his municipal liability claim. He has failed to make a prima facie showing that the City deliberately chose an inadequate training or discipline program, or even that a constitutional violation occurred. *See Oklahoma City v. Tuttle*, 471 U.S. 808, 823, 105 S. Ct. 2427 (1985); *see also Celotex*, 477 U.S. at 322–23. The City of Tacoma did not act with deliberate indifference for Hill's civil rights.

Defendants' Motion for Summary Judgment [Dkt. #25] is GRANTED. The case is DISMISSED with prejudice.

IT IS SO ORDERED.

Dated this 4th day of April, 2016.

Ronald B. Leighton
United States District Judge